AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
PATRICIA PODGAJSKI
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 10-30040

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is charged by complaint with sexual exploitation of children over a continuing period of at least eight years. The two children involved are defendant's own birth children. If indicted this charge will carry a mandatory minimum of fifteen years. In January 2010 her two children were removed from her home by court order and placed in the custody of their father, who is unemployed and resides in Grosse Ile, Michigan with his parents. A court order now prohibits Defendant from having any unsupervised contact with either of her two children, ages 11 and 15. She is currently charged with child abuse and neglect in a state court proceeding. (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

February 3, 2010                    s/ Mona K. Majzoub
*Date*                              *Signature of Judge*

MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

10-30040 USA V PATRICIA PODGAJSKI                                              PAGE 2

Defendant is a 45 year old woman who is a life long resident of the State of Michigan. She is currently unemployed.  Defendant previously worked in various grocery stores and last worked in 2009.  She currently receives unemployment benefits (approximately $700 monthly) and food stamps.  She has resided with the co-defendant, James Frazee, since 2003 in a home that she rents in Monroe, MI.  At the time that defendant allowed Mr. Frazee came to live with her and her two minor children, he had been convicted of raping his own birth daughter, custody of his children had been taken away from him, he was ordered to have no contact with children, and he was a registered sex offender.

Soon after Mr. Frazee moved in with the Defendant, together they created a paid website which offered its patrons to view exclusive images of Defendant's daughter for $100.  Patrons were directed to mail/wire $100 to Western Union for an eight month subscription to the site which contains images of the Defendant's daughter which the Defendant and Mr. Frazee photographed in the home and posted on the website.  Defendant admits to regularly driving to local Western Unions to pick up the customer money orders for membership fees. She admits to collecting approximately $1000 a month in income from the site. The website, which is registered to the Defendant, depicts photographs of Defendant's daughter which appear to have been taken when the victim was  between the ages of eight and fifteen.  In these photos the minor daughter is wearing various provocative outfits, and is engaged in the lascivious display of her genitals and breasts, and in acts of masturbation using what appears to be a vibrator.  Pursuant to the execution of a search warrant a computer was recovered at Defendant's residence which computer contains approximately half a million (500,000) images of Defendant's daughter consisting of child erotica and child pornography.  Pornographic pictures of other unidentified minors were also uncovered.

The government proffered Exhibits 1 - 13 which are copies of images of the victim provocatively posing in the nude or in Victoria Secret and other outfits inappropriate for her age.  Exhibit 13 depicts the child holding a vibrator to her exposed genitals while lying on a bed with her legs spread, wearing a feather cuffed metallic top.  Another shows the child posed to masturbate.

Defendant has admitted to  being present when the photographs in Exhibits 1 - 5, 7, and 8  were taken.  She claims to "vaguely recognize" Exhibit 13, in which her daughter is posed naked from her midriff down and masturbating with a vibrator. Defendant claims not to have been present when Exhibits 9 - 12 were photographed.

Defendant's past criminal history includes a misdemeanor charge for operating while intoxicated and possession of less than 25 grams of cocaine in 1997.  She pleaded guilty and was sentenced to one year probation and fined.  She admits to cocaine use from ages 18 to 35.  She reports no use of illicit substances currently, but that she continues to consume alcohol.

Defendant admits that she has already contacted her daughter in violation of the no contact order that was issued last month in state court.  She admits to sending the victim a text message during the last week of January, 2010, telling her "I love you and I'm sorry".  Defendant knows that her

10-30040 USA V PATRICIA PODGAJSKI                                          PAGE 3

daughter can give incriminating testimony in the state abuse and neglect case, and this violation of the no contact order can only be construed as Defendant's continued willful emotional and psychological manipulation of her minor daughter for the purpose of meeting Defendant's own needs.

Defendant proffers the Pretrial Services Report to support her position that a bond is warranted and that she should be allowed to return to her own home, or live with her brother who could act as a third party custodian, if necessary.  With all due respect, this Court finds that the Pretrial Service officer's recommendation of bond with conditions fails to take into account the serious danger that this Defendant has posed for the past eight years to her own children, and potentially others in the community.  The Pretrial Services report incomprehensibly concludes that "there is no known history of violence".  Violence takes on many forms, and based upon what Defendant has already admitted, the damage allegedly inflicted by this Defendant upon the minor vitims is of the most heinous kind, and defies any and all natural parental instincts to protect one's children from any and all manner of danger.  Moreover, Defendant not only invited a convicted sexual predator to reside in her home with her and her minor children, subjecting them to years of continued abuse, but she admits to willingly and knowingly participating in some of the alleged exploitation of her children for monetary gain.

Considering the weight of the evidence, the nature and circumstances of the offense charged, the Defendant's character, and the nature and seriousness of the danger to the community that would be posed by Defendant's release, this Court finds that Defendant poses a danger to the community, and that no condition or combination of conditions of will reasonably ensure the safety of the community.  Defendant's children have been removed from her custody by court order and she has admitted to already violating the no contact order issued in that case.  Therefore this Court concludes that Defendant will not comply with conditions of bond.  Furthermore, because her children are no longer in her care, she also poses a flight risk as she is facing 15 years of incarceration if the charges are indicted and proven.  Detention is therefore Ordered.